**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-   Case No. 6:05-cr-87-Orl-31KRS

**JOSEPH REGINALD THOMPSON**

_____

**ORDER**

**I.   Background**

On July 14, 2005, attorney Gregory A. Meeks II ("Meeks") filed a notice of appearance on behalf of the Defendant, Joseph Reginald Thompson ("Thompson"). (Doc. 16). On July 20, 2005, the Court granted the motion to withdraw filed by Thompson's previously appointed public defender. (Doc. 18). In the order granting that motion, the Honorable Karla R. Spaulding directed Meeks to review the docket in this case and abide by all deadlines and orders entered in it. (Doc. 18). Those orders included a scheduling order, entered on July 6, 2005, which had set a status conference for August 18, 2005. (Doc. 12).

On August 18, 2005, Meeks failed to appear for the status conference. (Doc. 19). Court staff contacted Meeks regarding his failure to attend. (Doc. 19). At the status conference that Meeks failed to attend, the Assistant United States Attorney (the "AUSA") indicated that she believed Thompson should undergo a psychological evaluation but that she had been unable to reach Meeks to arrange it. (Doc. 19). The Court ordered Meeks to confer with the AUSA by 5:00 p.m. that day regarding the evaluation (Doc. 20) and told the AUSA to file a motion *ex parte* if she did not hear from Meeks (Doc.

19). On August 23, 2005, the AUSA filed such a motion, indicating that, despite this Court's order, Meeks had not yet contacted her. (Doc. 22 at 2, n. 2).

The next day, the Court ordered Meeks to appear and show cause on September 1, 2005 why sanctions should not be imposed for his failure to attend the August 18 status conference and to comply with the Court's order requiring him to contact the AUSA. (Doc. 23). This show cause order, like every other document referred to above, was sent via e-mail to "GMeeks@attorneymeeks.com", the address Meeks has on file with the Court. Nonetheless, Meeks did not appear at the show cause hearing. (Doc. 26). Left with no other option for getting answers from Meeks, the Court entered a bench warrant for his arrest. (Doc. 27). Meeks was taken into custody the next day and brought before the Court to show cause why sanctions should not be imposed.

## II.     Inherent Powers

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (internal quotations and brackets omitted). Accordingly, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id*. (internal quotations omitted); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1131-32 n. 110 (11th Cir.2001) (providing overview of the inherent powers lodged in Article III courts). This inherent power to sanction errant lawyers, in fact, "can be invoked even if procedural rules exist which sanction the same conduct." *Chambers*, 501 U.S. at 49, 111 S.Ct. at 2135.

Due to the scope of the inherent powers, however, federal courts must exercise caution in invoking them. *Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1320 (11th Cir. 2002) (citing *Chambers*, 501 U.S. at 50, 111 S.Ct. at 2136). Thus, before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith. *Id.* A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *Id.* A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order. *Id.* Additionally, for the imposition of sanctions to be proper, a court must comply with the mandates of due process, meaning that the lawyer facing sanctions must be provided with notice and an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions. *Id.*

### III.   Application

At the continued show cause hearing, Meeks was unable to offer a convincing explanation for his failure to appear for hearings and to comply with this Court's orders. He suggested that his office might have mishandled the e-mails from the court, inadvertently failing to provide him with notice of his obligations. However, this would not explain Meeks' failure to even check the docket in this case, which would have provided him with notice of the August 18, 2005 status conference. It also does not explain why, after receiving notice by phone that he had missed the status conference, Meeks took no steps to cure whatever issue led to his missing it.

While it does not appear that Meeks intentionally failed to fulfill his obligations to his client and to the Court — or to cause the disruptions that resulted from those failures — his conduct displays

a level of indifference to those obligations that is tantamount to bad faith.  Accordingly, the Court imposes the following fine as a sanction: $50 for missing the August 18 status conference, $100 for failing to contact the AUSA as ordered, and $200 for failing to appear for the show cause hearing on September 1, 2005, for a total of $350.  In addition, Meeks must file a letter with the Court, detailing the steps he will take to prevent a recurrence of this conduct.  The fine must be paid into the registry of the Court and the letter sent within 10 days of the entry of this order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 6, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Joseph Reginald Thompson